# Exhibit B

Notice of Class Action Settlement

| | |
|---|---|
| RYAN PORTER, individually and on behalf of others similarly situated,<br><br>                                       Plaintiffs,<br><br>- against -<br><br>EMERSON COLLEGE,<br><br>                                       Defendant. | Case No. 1:20-cv-11897-RWZ<br><br>NOTICE OF CLASS ACTION SETTLEMENT |

TO: All students and former students, including graduate and undergraduate, who remained enrolled as of March 13, 2020, who paid, or on whose behalf payment was made to, Defendant Emerson College for Spring 2020 Semester tuition and fees for educational services that were not entirely online, and whose tuition and fees have not been refunded.

DATED:         XX XX, 2022

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of this class action litigation. It has been authorized by the United States District Court for the District of Massachusetts. It contains important information as to your right to participate in the settlement or elect not to be included in the class. The following pages detail your options, your rights, and common questions or issues that Class Members ask about class action settlements.**

## INTRODUCTION

      Ryan Porter ("Plaintiff"), a student of Emerson College ("Emerson" or "Defendant") during the Spring 2020 semester, commenced this action alleging breach of contract and quasi contract claims stemming from Emerson's transition to remote learning and services during the Spring 2020 Semester as a result of the Covid-19 Pandemic. The Court in charge of this case is the United States District Court for the District of Massachusetts. The lawsuit is known as *Porter v. Emerson College* (the "Lawsuit"). Ryan Porter is the Named Plaintiff, and Emerson College is the Defendant (together, the "Parties"). Plaintiff alleges in the Lawsuit that, among other things, Emerson breached the terms of the contract entered into with Plaintiff and similarly situated individuals when Emerson stopped providing in-person and on-campus educational services, as well as access to certain campus services and facilities on or about March 13, 2020 at the start of the Covid-19 Pandemic. Plaintiff sought, for himself and the Class members, a pro-rated refund of tuition and fees for the respective time that Emerson switched to remote learning and services.

      Emerson has defended and vigorously contested the claims in the Lawsuit. Emerson has asserted numerous defenses and denies any and all liability and wrongdoing. The Parties have decided to settle the Lawsuit to avoid the expense, inconvenience, and distraction of litigation. Mediation with Magistrate Judge Judith G. Dein resulted in a proposal and resolution that was accepted by both Parties to resolve the claims in this action and would result in class-wide relief in exchange for a class-wide release of claims. The Court has not decided who is right and who is wrong or whether this case could, in the absence of settlement, proceed as a class action.

      The Parties have agreed to settle the Lawsuit subject to the approval of the Court via a signed Settlement Agreement and Release (referred to herein as "Settlement"). Emerson has agreed to pay a maximum of Two

Million Sixty Thousand Dollars ($2,060,000.00) to create a settlement fund that will provide compensation to Settlement Class Members, pay for notice and administration costs, provide for any approved service award to Plaintiff, and compensate the attorneys for any approved fees, costs, and expenses. The Parties have reached this Settlement through negotiations and mediation sessions and then presented it to the Court. As determined through that process, you are entitled to participate, and your legal rights may be affected. These rights and options are summarized below and explained in detail throughout this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement you do not need to do anything. You will receive a check upon approval of the Settlement by the Court. However, if you want to receive your payment in electronic form, then you should fill out, sign and return the Election Form to the Settlement Claims Administrator by **XX XX, 2022 – or utilize the website that has been established for this case www.????????.com**. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the Lawsuit, you must follow the directions outlined in response to Question 7 below. |
| **OBJECT** | You may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under Massachusetts law unless you validly and timely exclude yourself. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may request to speak to the Court about the fairness of the settlement and the Court may set a schedule for such a hearing. |
| **DO NOTHING** | Any Class Member who does not submit an Opt-Out Statement pursuant to this agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Approval Order, and will have any Released Claims released and dismissed with prejudice. Additionally, you will not be allowed to pursue claims (as described herein) against Emerson, separately or as part of this Lawsuit. |

## FREQUENTLY ASKED QUESTIONS

**Question 1.    Why did I receive this notice?**

You received this Notice because Emerson's records show that you were enrolled as a student at Emerson during the Spring 2020 semester affected by the Covid-19 Pandemic and may therefore be an eligible Class Member.

**Question 2.    What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These similarly-situated people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Rya W. Zobel, United States District Judge, is presiding over this class action.

**Question 3.    Why is there a settlement?**

Plaintiff and Class Counsel analyzed and evaluated the merits of the claims made against Defendant in the litigation. Based upon Class Counsel's due diligence, and the substantial risks of a continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff and Defendant entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of Plaintiff and

Class Members – especially in light of recent economic developments related to coronavirus pandemic and its economic consequences, as well as the uncertainty of the case law and potential appellate decisions.

| Question 4. | How much will I get paid if I join the Settlement? |
|---|---|

Each Class Member who does not opt out of participating in the Settlement will receive a proportionate share of the Settlement Fund, as follows:

First, to the extent possible, Class Members shall be categorized into the following classifications: (1) Undergraduates, (2) Graduate Students, (3) Tuition paying, and (4) Fee paying.

Second, the Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

    I.    Class Members who are undergraduate students and who paid fees shall be entitled to collect $50.
    II.    Students who enrolled for online only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left Emerson prior to March 13, 2020, are not eligible to collect any proceeds.
    III.    Class Members who were enrolled in professional studies are entitled to collect $50.
    IV.    90% of the remainder after the allocations in Sections (I) and (III) above (estimated to be $1,000,000) shall be allocated to Class Members enrolled as undergraduate students on a prorated basis based on a percentage of tuition and fees paid to Emerson during the Spring 2020 Semester. Specifically, undergraduate students shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Emerson-funded amounts that did not require repayment.
    V.    10% of the remainder after the allocations in Sections (I) and (III) above (estimated to be $111,583.33) shall be allocated to Class Members enrolled as graduate students on a prorated basis based on a percentage of tuition and fees paid to Emerson during the Spring 2020 Semester. Specifically, graduate students shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Emerson-funded amounts that did not require repayment.

| Question 5. | Who brought this lawsuit and are they being compensated? |
|---|---|

This lawsuit was brought by Plaintiff Ryan Porter. Plaintiff Porter took a lead role in this litigation and assisted in its resolution. In addition to his allocated share as described in Question 4, he will receive $7,500.00 for his efforts to reflect the time and energy expounded on behalf of himself and Class Members in reaching this Settlement.

| Question 6. | What do I have to do to be included in the Settlement? |
|---|---|

You do not need to do anything to participate in the settlement. If you do not respond, we will mail you a check after the Court approves the Settlement. However, to receive payment in electronic format, complete and return the Election Form by [Notice Response Deadline].

The Election Form must be personally filled out by the Class Member who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf. The Election Form must be properly completed, signed, and mailed, emailed, or faxed to the Settlement Claims Administrator by **XX XX, 2022** (the "Notice Response Deadline") – or submitted on www.???????.com.

[INSERT ADDRESS]

If you do not properly complete and timely submit the Election Form, it may delay you receiving your proceeds.

If you timely return the enclosed Election Form to the Settlement Claims Administrator so that it is received by email, fax, or postmarked by **XX XX, 2022**, the Settlement Claims Administrator will make your payment in the manner you prefer after the settlement has been finally approved by the Court.

Additionally, the Lawsuit will be dismissed with prejudice and Class Members who do not opt-out will fully release and discharge Emerson. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Emerson regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. The specific claims you are giving up against Emerson are described in Sections 1.23, 1.24 and 1.25 of the Settlement Agreement and in the specific language below.

> Released Claims means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Releasees, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding Emerson's actions or decisions in respect to the Spring 2020 Semester, including ceasing in-person education and transitioning to a remote format for the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.
>
> Releasees means Emerson College as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as Emerson's agents and/or independent contractors in this Action.

| **Question 7.** | **How do I exclude myself from the Settlement?** |

Class Members who elect to opt-out of the settlement as set forth in this Agreement must submit via [website] or mail (via First Class United States Mail, postage prepaid) a written, signed statement to the Settlement Claims Administrator at the following address that states he or she is opting out of the settlement ("Opt-out Statement"):

Emerson College Settlement<br>
0000 Street<br>
City, ST 00000

In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out. To be effective, an Opt-out Statement must be postmarked by United States Postal Service or via verification through the settlement website on or before [INSERT DATE].

If you exclude yourself from the lawsuit and the Settlement, you will NOT be allowed to object to the Settlement as described in Question 12.

| Question 8. | If I don't exclude myself from the Settlement, can I sue the Defendant for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue the Defendant for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the exclusion deadline is **XX XX, 2022**.

| Question 9. | If I exclude myself, can I get money from the Settlement? |
|---|---|

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

| Question 10. | Do I have a lawyer in this case? |
|---|---|

The law firm of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550, The Sultzer Law Group, P.C., 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601, and Shapiro, Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210 have been designated as legal counsel to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. You will not be charged for calling, emailing, or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions and such communications will be confidential and protected. Class Counsel's fees are being paid from the total settlement fund as part of the Settlement and are subject to the approval of the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

| Question 11. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court to approve payment of no more than Six Hundred Eighty-Six Thousand Six Hundred Sixty Six Dollars and Sixty Six Cents ($686,666.66), which represents ⅓ of the Gross Settlement Fund, for fees, costs, and disbursements incurred in connection with this action. The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, investigating the facts, attending court conferences, participating in settlement discussions, and negotiating and overseeing the settlement.

| Question 12. | How do I tell the Court that I don't like the Settlement? |
|---|---|

If you wish to present your objection to the Court, you must state your intention to do so in a written statement. Your statement should be as detailed as possible, otherwise the Court may not allow you to present reasons for your objection that you did not describe in your written objection. The statement must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Your objection may not be heard unless it is submitted timely or postmarked by the **XX, XX 2022**, Notice Response Deadline and mailed to the Settlement Claims Administrator at:

[INSERT ADDRESS]

The Settlement Claims Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court, and may request an opportunity to speak with you before any conference or hearing with the Court. You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt-out of the Settlement.

| Question 13. | What's the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't

want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

### Question 14. Has the Court approved the Settlement?

The Court has granted preliminary approval of the Settlement and anticipates making a final determination after Notices are mailed. The Court will ultimately consider whether the terms of the settlement are fair, reasonable, and adequate – after reviewing submissions by the Parties that are publicly available via Pacer.gov.

However, if you wish to raise a valid concern, you should alert the attorneys and they can appear at a conference before the Court on [Fairness Hearing Date] if your issue is not resolved to your satisfaction with the attorneys. If there are objections, the Court will consider them. The Judge will decide whether to listen to any issues that are properly raised.

### Question 15. Are there more details about the Settlement?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing or calling Michael A. Tompkins, Esq. at (516) 873-9550 or mtompkins@leedsbrownlaw.com, Leeds Brown Law, P.C., One Old Country Road, Carle Place, New York 11514, www.leedsbrownlaw.com; Jason Sultzer, Esq. at (845) 483-7100 or sultzerj@thesultzerlawgroup.com, The Sultzer Law Group, P.C., 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601; or Ian J. McLoughlin, Esq. at (617) 439-3939 or imcloughlin@shulaw.com, Shapiro Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210.