# Exhibit D

Proposed Preliminary Approval Order, as Agreed Upon by Parties

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN PORTER, individually and on behalf of others similarly situated,<br><br>                                   Plaintiffs,<br><br>- against -<br><br>EMERSON COLLEGE,<br><br>                                   Defendant. | **Case No. 1:20-cv-11897-RWZ** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CERTIFYING THE CLASS, AND AUTHORIZING CLASS NOTICE**

Plaintiff Ryan Porter ("Plaintiff"), on behalf of himself and a class of individuals ("Plaintiffs" or the "Settlement Class," as hereinafter defined), and defendant Emerson College ("Defendant") have agreed to a settlement of the class action pending before this Court entitled *Porter v. Emerson College*, C.A. No. 1:20-cv-11897-RWZ (the "Action") by Plaintiffs against Defendant, the terms and conditions of which are set forth in an executed Settlement Agreement and Release that was filed with this Court on July 18, 2022 (the "Settlement"). The Parties reached the Settlement through arms-length negotiations following two separate mediations with Magistrate Judge Judith G. Dein. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Under the Settlement, and subject to Court approval, the Plaintiff and the Settlement Class will fully and finally release all claims asserted in this Action against the Defendants in exchange for Defendant's payment of the sum of $2,060,000.00 into a common fund for the benefit of the Class, from which all amounts due to Settlement Class Members under the Settlement will be paid,

1

including any attorneys' fees and costs to Class Counsel, Reserve Fund, and Service Award to the Plaintiff that may hereafter be allowed by the Court.

Plaintiff has filed a Motion for Preliminary Approval of Class Settlement and for Certification of a Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds and Orders as follows:

**I.      Jurisdiction and Venue**

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District, as a substantial part of the alleged actions took place in this District.

**II.     Provisional Class Certification and Appointment of Class Representatives and Class Counsel**

3. The Court finds, for settlement purposes, that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that conditional certification of the proposed Settlement Class is appropriate. The Court therefore provisionally certifies the following Class (which includes terms defined in the Settlement):

> All students and former students, including graduate and undergraduate, who remained enrolled as of March 13, 2020, who paid, or on whose behalf payment was made to, Defendant Emerson College for Spring 2020 Semester tuition and fees for educational services that were not entirely online, and whose tuition and fees have not been refunded. Excluded from the Settlement Class are (1) any District Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

4. Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

(a) the members of the Settlement Class are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims and defenses of the Plaintiff are typical of the Settlement Class;

(d) the Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

(e) the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court appoints Ryan Porter as class representative.

6. The Court appoints the following persons and entity as Class Counsel:

**LEEDS BROWN LAW, P.C.**
Michael A. Tompkins, Esq.
Jeffrey K. Brown, Esq.
Brett R. Cohen, Esq.
Anthony Alesandro, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq.
Mindy Dolgoff, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
(854) 705-9460
sultzerj@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

**SHAPIRO HABER & URMY LLP**

Ian McLoughlin, Esq.
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
2 Seaport Lane
Boston, MA 02210
(617) 439-3939
imcloughlin@shulaw.com
ehaber@shulaw.com
mblauner@shulaw.com

**III.	Preliminary Approval of the Settlement**

7.	This Court preliminarily approves the Settlement as fair, reasonable, and adequate, and in the best interests of all Class Members, for the following reasons: ***First,*** the Parties negotiated the settlement fairly and honestly at arms' length and with the assistance of an experienced mediator, Magistrate Judge Dein, who recommended this proposal to the parties and experienced counsel. ***Second,*** serious questions of law and fact exist, as reflected in Defendants' motions to dismiss the case and their affirmative defenses asserted in their answer to the complaint. ***Third,*** an immediate recovery is valuable to the Settlement Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties, and the uncertainty and inconsistencies in the resolution of similar actions around the country. ***Fourth***, the Parties have offered their reasoned and well-supported judgment that the Settlement is fair and reasonable to the Settlement Class.

8.	The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement, is fair and equitable, subject to issues raised by any Class Members after Notice is conducted.

9.	Because the Settlement is fair, reasonable, and adequate, it is therefore appropriate to Order that notice of the Settlement be given to the Settlement Class and to schedule a final

approval hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

10. The Court therefore preliminarily approves the Settlement, and the exhibits appended to the Settlement, as fair, reasonable, and adequate.

**IV. Approval of Notice and Notice and Election Form Process**

11. The Court approves the form and content of the Notice and Election Form to be provided to the Settlement Class, as reflected in the forms appended as Exhibits B and C to the Declaration of Michael A. Tompkins, Esq. The Court further finds that the Notice and Election Form process, described in the Settlement is the best practicable process under the circumstances.

12. The Notice and Election Form process is reasonably calculated under the circumstances to apprise the Settlement Class of (a) the pendency of the Action; (b) the Court's preliminary certification of a Settlement Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Settlement Class or to object to the Settlement; (d) the maximum amount of Class Counsel's expected application for attorneys' fees and reimbursement of expenses; (e) the expected request for a Service Award for the Plaintiff, and (f) other salient details on the proposed resolution. The Notice and Election Form process constitutes sufficient notice to all persons entitled to notice. The Notice and Election Form process satisfy the applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13. Class Counsel has already engaged Simpluris Inc. as the qualified Settlement Claims Administrator, and Simpluris Inc. shall continue to perform the duties set out in the Settlement Agreement or any further duties Ordered by the Court in connection with the administration of the Settlement, or as reasonably requested by the parties.

14. The Settlement Claims Administrator shall implement the Notice and Election Form process, as set forth below and in the Settlement, using the forms of Notice and Election Form appended as Exhibits B and C to the Tompkins Declaration and approved by this Order. Within fourteen (14) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (i) email a copy of the Notice and Election Form to all Class Members for whom the Settlement Claims Administrator has a valid email address, and (ii) mail a copy of the Notice and Election Form to all Class Members not presently enrolled at Emerson College for whom the Settlement Claims Administrator does not have a valid email address through regular U.S. Mail to such students' mailing address as listed in Emerson's records.

**V.      Notice and Election Forms to Class Members via Email and Mail**

15. No later than twenty-one (21) days after entry of this Order, Defendants shall provide Class Counsel and the Settlement Claims Administrator the names of any Class Members that can be identified through Defendants' records, any available physical mailing addresses and/or e-mail address for such Class Members, plus the information outlined in the Settlement Agreement.

16. Within fourteen (14) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (1) email a copy of the Notice to all Class Members for whom the Settlement Claims Administrator has a valid email address, and (2) mail a copy of the Notice and Election Form to all Class Members not presently enrolled at Emerson College for whom the Settlement Claims Administrator does not have a valid email address through regular U.S. Mail to such students' mailing address as listed in Emerson's records.

17. If a Notice is returned as undeliverable via email, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email address obtained or mail Notice to any

physical address. If a Notice is returned as undeliverable via mail, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Defendant, performing a skip trace, and/or remailing the Notice to any address. The Settlement Claims Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial emailing of Notice and before the Notice Response Deadline. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notices and Election Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the Qualified Settlement Fund. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Claims Administrator to be used for the purposes of mailing of Notice.

## VI. Settlement Website

18. Additionally pursuant to the terms of the Settlement Agreement, Notice and Election Form shall be provided on a website at an available settlement URL to be agreed upon by the Parties, which shall be obtained, administered, and maintained by the Settlement Claims Administrator. Copies of the Settlement Agreement, the long-form Notice, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

## VII. Opt-Outs, and Objections

18. Class Members who wish to opt-out or present objections to the proposed Settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the objector's name and address; (2) an explanation of

the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection.

19. An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

20. To the extent that the issue raised by the Objector has not been resolved, the Objector or either Party may seek relief from the Court including declaring that the Objector has opted out or that her/his objection has been overruled.

21. Any Class Member who does not timely submit an Opt-out Statement pursuant to the Settlement Agreement will be deemed to have accepted the settlement and the terms of the Settlement Agreement, will be bound by the Approval Order, and will have any Released Claims released and dismissed with prejudice.

**VIII. Notice and Election Form Response Deadline**

22. Class Members are not required to take any affirmative steps to participate in this Action and upon approval Settlement Checks will be mailed to all Class Members by the dates set

forth in the Settlement Agreement or in this Order. However, Class Members shall be given the opportunity via the Election Form to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options (i.e. mailing of checks, Venmo, PayPal, etc.). Class Members may submit their Election Forms via first class mail, fax, email, or through the website by the Notice Response Deadline. The Notice Response Deadline for Election Forms shall be (i) thirty (30) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances. If an envelope does not contain a postmark, it shall be deemed received on the date that the Settlement Claims Administrator stamps the envelope or Election Form as "received."

23. No later than thirty (30) days after the Notice Response Deadline, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendant's Counsel: (a) a list of all Class Members, (b) a list of all Objectors, (c) a list of all Class Members who timely submitted an Opt-out Statement, and (d) an estimated calculation of the Settlement Proceeds to Class Members in accordance with the formulas and allocation amounts discussed below.

**IX. Final Approval Hearing**

24. The Court directs that a Final Approval Hearing will take place on _____, 2022, at _____ a.m./p.m., at John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts to assist the Court in determining whether to grant Final Approval of the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for a Service Award for the Plaintiff.

**X.     Release of Claims**

25.     All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

26.     Upon entry of this Order, all Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Releasees. Upon entry of a Final Approval Order, all Class Members will be forever barred and enjoined from taking any action in violation of this provision.

**XI.    Summary of Schedule for Settlement Approval**

27.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions that must precede it:

- A. Defendant's Counsel shall provide Class Counsel and the Settlement Claims Administrator with the Class List no later than _____, 2022 or 21 days from entry of this Order.

- B. The Settlement Administrator shall email and/or mail the Notice and Election Form within fourteen (14) days after receipt of the Class List. On the same day as the initial mailing of Notices, notice shall also be provided on a website at an available settlement URL to be agreed upon by the parties.

- C. Class Members must either postmark or submit the online Election Form, opt out, or object no later than _____, 2022 or 30 days after the mailing of Notice pursuant to Paragraph B above.

- D. A Final Approval Hearing will take place on _____, 2022, at _____ a.m./p.m.

DATED: _____, __, 2022.

**BY THE COURT:**

_____
The Honorable Rya W. Zobel, U.S.D.J.