# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

RYAN PORTER, individually and on behalf of other similarly situated,

        Plaintiff,

v.

EMERSON COLLEGE,

        Defendants.

Case No. 1:20-cv-11897-RWZ

### DECLARATION OF JASON P. SULTZER, ESQ. IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN

I, Jason P. Sultzer, declare under penalty of perjury:

1. I am a partner with the law firm The Sultzer Law Group, P.C., and our firm, along Leeds Brown Law, P.C. and Shapiro Haber & Urmy LLP represent Plaintiff Ryan Porter and putative class members of proposed settlement class in this action ("Plaintiffs or "Class").

2. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

3. With approval of Plaintiff Porter, in consultation with co-counsel, and based on a settlement facilitated by Honorable Judith Dein, U.S.M.J., during our two remote mediation sessions, Plaintiffs and Defendants memorialized the Settlement Agreement and Release ("Agreement"[1], attached as Exhibit "**A**" to the Declaration of Michael A. Tompkins, Esq. ("Tompkins Decl.") filed concurrently herewith and present the proposed class-wide settlement to the Court for preliminary approval, such that Plaintiffs through a third-party administrator may

---

[1] All terms utilized in this declaration are defined in the Agreement.

1

inform class members of their rights, give class members the ability to be heard, and, upon final approval of this Court, distribute settlement proceeds to them.

4. In addition to the Agreement, the parties also agreed upon and submit a proposed Order Granting Preliminary Approval of the Settlement, a proposed Notice of Settlement to be distributed to class members, and an Election Form to allow class members to select a method by which they would prefer to receive payments. Each are attached, respectively, as Exhibits "**B**", "**C**" and "**D**" to the Tompkins Decl.

5. As detailed below, the Agreement reflects a fair and reasonable compromise of the claims asserted in this action, and it is both substantively and procedurally fair.

6. As discussed below, the Agreement reflects a substantial recovery in light of the risks for establishing liability, damages, and class certification, and for the reasons discussed below, it should be preliminarily approved to allow class members to know their rights and make an informed decision about their involvement and the proposed resolution. After the notice process and at a fairness hearing, Plaintiff will move for final approval of the settlement, subject to the directives of this Court.

**Procedural History**

7. Plaintiff, on behalf of himself and similarly situated students at Emerson College, filed his initial Complaint on October 21, 2020 alleging breach of contract, unjust enrichment and conversion/taking of property based foundationally on Emerson's decision at the conclusion of the Spring 2020 semester to not provide a pro rata refund for tuition and fees when Emerson was allegedly unable to provide the contracted-for in-person and on-campus educational services for the entirety of the semester. *See* Dkt. 1.

8. On December 23, 2020, Emerson filed a motion to dismiss. *See* Dkt. 13.

9. In response to Emerson's motion, Plaintiff filed his Amended Complaint on January 26, 2021. *See* Dkt. 18.

10. Emerson then filed its motion to dismiss the Amended Complaint on February 10, 2021. *See* Dkt. 20.

11. On April 15, 2021, this Court denied Emerson's motion to dismiss. *See* Dkt. 32.

12. Emerson then filed an Answer, in which it asserted various affirmative defenses to Plaintiff's claims including, *inter alia*, excused performance and impossibility. *See* Dkt. 41.

13. During June 2021, the parties exchanged formal discovery requests, but before finalizing and formally responding, the parties began initial settlement discussions including the possibility of mediating or participating in a settlement conference before Judge Dein.

14. On July 13, 2021, Your Honor referred the parties to Alternative Dispute Resolution via Judge Dein. *See* Dkt. 43.

**Settlement & Negotiations**

15. On December 1, 2021, the parties held their first remote settlement conference before Judge Dein wherein they spent considerable time discussing the merits of the claims, the likelihood of class certification, the issues associated with establishing damages, and other pending cases asserting similar claims that are pending in Massachusetts and across the country. *See* Dkt. 52.

16. The matter did not resolve at the initial mediation, however, the parties—with the assistance of Judge Dein—continued to pursue settlement discussions and agreed to a second mediation session which took place on February 14, 2022. *See* Dkt. 58.

17. In advance of that second mediation, Defendant produced additional data and information regarding the students at Emerson, including percentages of tuition and fees that were offset by College-funded amounts and totals of students in various programs.

18. At the second mediation session and via the assistance of Judge Dein, the parties agreed to a settlement in principle. *See* Dkt. 58.

19. Subsequently, the parties exchanged drafts of the agreement along with supporting papers and Plaintiff retained the services of Simpluris, Inc. to perform preliminary calculations and ensure that the proposed allocation formula was fair and reasonable in light of the claims and defenses in this action. Notably, Emerson supplied Simpluris with tuition and fee totals for class members and provided totals on Emerson-funded aid like scholarships and grants that did not require repayment.

20. That exchange of information and preliminary calculations for the reasons the parties requested additional time to submit this application, as it helped ensure class members would be protected and the proceeds from the Settlement would be distributed in an equitable manner.

**Terms of the Settlement**

21. Plaintiffs secured a Settlement Agreement that established that Emerson will pay $2,060,000 into a common fund inclusive of attorneys' fees, costs, service awards, claims administration costs, and expenses. § 3.1. The proposed class will encompass over 4,000 students that were enrolled as graduate and undergraduate students that paid tuition and fees during the Spring 2020 and were impacted by the Covid-19 Pandemic and Emerson's response to the same. (Agreement § 1.27).

22. Importantly, the parties agreed upon an allocation formula and methodology that closely ties to the claims asserted in this action, including allocation of fees, allocation of tuition, and the same to various subgroups of categories of students enrolled at Emerson during the Spring 2020 semester – based on their out-of-pocket costs offset by Emerson-funded amounts. (Agreement § 3.5(B)).

23. As part of the allocation formula, as it was agreed upon by the parties and is presented to the Court in Section 3.5 of the Agreement, Class Members shall be categorized into the following classifications: (1) Undergraduates, (2) Graduate Students, (3) Tuition paying, and (4) Fee paying. The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

> (a.) Class Members who are undergraduate students and who paid fees shall be entitled to collect $50.
>
> (b.) Students who enrolled for online only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left Emerson prior to March 6, 2020, are not eligible to collect any proceeds.
>
> (c.) Class Members who were enrolled in professional studies are entitled to collect $50.
>
> (d.) 90% of the remainder after the allocations in Sections 3.5(B)(I) and (III) (estimated to be $1,000,000) shall be allocated to Class Members enrolled as undergraduate students on a prorated basis based on a percentage of tuition and fees paid to Emerson during the Spring 2020 Semester. Specifically, undergraduate students shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Emerson-funded amounts that did not require repayment.
>
> (e.) 10% of the remainder after the allocations in Sections 3.5(B)(I) and (III) (estimated to be $111,583.33) shall be allocated to Class Members enrolled as graduate students on a prorated basis based on a percentage of tuition and fees paid to Emerson during the Spring 2020 Semester. Specifically, graduate students shall receive a proportionate and prorated

> distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Emerson-funded amounts that did not require repayment

(Agreement § 3.5(B)).

The sum of all calculated amounts is expected to be approximately $1,315,833.33, after payment of attorney's fees, costs, expenses, service awards, and cost of the Settlement Claims Administrator. (Agreement § 3.5(C)). As a result of these calculations by the formula and methodology described above, Class Members who paid more out of pocket (i.e. via their own payments, monies from family members, or student loans) will receive more than students who had their education during that semester subsidized or covered (i.e. students with Emerson-backed scholarships or grants, or other aid that did not requirement repayment). (Agreement § 3.5(B)).

24. This represents a significant potential recovery to all members of the Settlement Class pursuant to the terms of the Settlement Agreement. Indeed, in order to receive a settlement check, class members are not required to submit any information or materials, because Emerson maintained records that allow for direct notice and to perform the calculations. *See* Ex. D. In fact, Class members will even be able to submit an Election Form regarding their preferred method for obtaining a settlement check. (Agreement § 2.4(D))

25. The parties seek the appointment of Simpluris, Inc. as the settlement administrator to effectuate and administer the notice plan, given their involvement during the finalize stages of settlement negotiations and after mediation. Before selecting Simpluris, Inc. the parties engaged in a bidding process whereby the reviewed bids from multiple services administrators and spoke to administrators about the best methodologies for effectuating notice in this type of case. The parties selected Simpluris, Inc. based on its reputation for work and its experience administering

class actions, as well as their willingness to prioritize performing the calculations in an expedited manner.

26. Class Counsel are experienced litigators who have successfully represented dozens of classes throughout the country. I attached hereto as **Exhibit 1** a resume detailing my firms' relevant experience in class actions.

27. The Sultzer Law Group is one of the preeminent plaintiff's class-action and complex commercial law firms in the nation with particular expertise in consumer class-actions. The firm is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for its class action practice. The Sultzer Law Group has substantial experience with consumer class actions. I have prosecuted and been appointed as lead counsel in numerous consumer class action cases throughout the county in which I have recovered millions of dollars and obtained injunctive relief on behalf of consumers. My significant experience representing consumers in class action litigation is detailed more fully in my firm resume.

28. To the best of Plaintiff's Counsel's knowledge, there is no competing litigation already commenced by any member of the class.

29. Based on Plaintiff's Counsel's knowledge and understanding to evaluate the risks and the benefits of the proposed settlement, we strongly believe that the proposed settlement confers a significant benefit to Class Members. Furthermore, my firm conducted an analysis of class action settlements in cases involving similar allegations.

30. Based on that evaluation and considering not only the aggregate value of the Settlement but also the structural aspects of the Settlement that will encourage and facilitate claim submission, we have concluded that this Settlement presents a highly favorable recovery for the Class.

Signed under penalties of perjury on July 18, 2022.

                                                                    /s/ *Jason P. Sultzer*
                                                                    Jason P. Sultzer